IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-CR-30072-MJR |
| DENAILL WARD, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

Denaill Ward pled guilty in the above-captioned case to distributing cocaine base (crack cocaine) and possession of a firearm by a user of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(3). Ward's relevant conduct was found to involve at least 11.2 grams but less than 16.8 grams of crack cocaine. At sentencing, the Government disputed whether Ward was entitled to a reduction for acceptance of responsibility, but the Court concluded that a reduction was warranted (Doc. 33). The Court grouped the counts together pursuant to U.S.S.G. § 3D1.2(c) and determined the total offense level to be 19 after acceptance. With a criminal history category of II, Ward's Guideline sentencing range was determined to be 33 to 41 months, but a 60-month mandatory minimum sentence applied (Doc. 29, ¶ 76). As a result, the undersigned District Judge sentenced Ward in December 2010 to a term of 60 months in prison on Count 1 and 33 months on Count 2, to be served concurrently, along with a fine, a special assessment, and a term of supervised release. Judgment was entered December 3, 2010.

In June 2012, the United States Supreme Court held in *Dorsey v. United States,* **132 S. Ct. 2321, 2335 (2012),** that the Fair Sentencing Act of 2010, 124 Stat. 2372, applies to all individuals sentenced after its enactment by Congress, no matter when the offense conduct occurred. *Dorsey* made clear that the Fair Sentencing Act's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after [that date]." *Id.,* **132 S. Ct. at 2326.** Defendant Ward falls within this temporal window. On June 27, 2012, Ward filed a *pro se* motion for retroactive application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582-2011 (Doc. 45). The Court appointed the Federal Public Defender to represent Ward on his motion (Doc. 46). Ward now, through counsel, moves to reduce sentence under 18 U.S.C. § 3582(c)(1)(B), (a) noting that Ward's relevant conduct amount no longer triggers a statutory mandatory minimum sentence of 60 months, and (b) urging the Court to sentence Ward to the *low end* of the applicable 33 to 41 month sentencing range (Doc. 48).

On September 10, 2012, the Government responded, arguing that the more appropriate vehicle for relief would be a motion under 28 U.S.C. § 2255 but agreeing that Ward "may be entitled to relief given the ruling in *Dorsey*,…" (Doc. 51). The Government also contends that, even if jurisdiction were appropriate, Ward's calculations are incorrect, and he would not be entitled to the amount of reduction he seeks.

As to the latter contention, the Government has overlooked the Court's determination that Ward was entitled to acceptance of responsibility and that his total offense level was thereby reduced from 22 to 19 (*See* Doc. 33). As to the former contention, having

carefully reviewed the judgment, the case law, and the parties' briefs, the Court concludes that Denaill Ward is entitled to a sentence reduction pursuant to § 3582, based on *Dorsey*.

In Ward's motion for retroactive application of sentencing guidelines (Doc.48) and later in his Reply (Doc. 53), he asks the Court to enter a sentence of 33 months, which would be the low end of the USSG range now that the mandatory minimum of 5 years is out of play. Because all of the 18 U.S.C. § 3553(a) sentencing factors may not have been argued by the Government, given the belief the case was governed by a 5-year mandatory minimum, the Court invites a response to Ward's position that an appropriate, post-*Dorsey* sentence is 33 months. The Government shall file its response by October 3, 2012; Ward may reply by October 10, 2012.

IT IS SO ORDERED.

DATED: September 19, 2012

s/Michael J. Reagan
Michael J. Reagan
United States District Judge